IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOUGLAS WAYNE DILL, SR., | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:25-CV-3370-O-BK |
| | § | |
| DALLAS COUNTY COURT AT LAW | § | |
| NO. 2, ET AL., | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition when appropriate.  Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** *sua sponte* for lack of jurisdiction.[1]

### I. BACKGROUND

On December 8, 2025, Plaintiff Douglas Wayne Dill filed this civil rights action under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 against (1) Dallas County Court at Law No. 2, (2) Court Coordinator Montessa Bussey, (2) Judges Melissa J. Bellan, Kerry Fitzgerald, and Diane Jones, (3) Justices Smith, Clinton, and Barbare, of the Texas Fifth District Court of Appeals, (4) Airoldi & Associates, Inc., a property managing company, (5) Sandra Stolz, a property manager at Airoldi Associates, (6) Gail Airoldi, a broker at Airoldi & Associates, and (7) Jeremy M. Masten

---

[1] Because jurisdiction is lacking, the Court does not address the deficiencies in Dill's pleadings and motion to proceed *in forma pauperis*.

and Mohammad S. Ahmed, the attorneys who represented Airoldi & Associates in state court. Doc. 3 at 1, 3-4.  The complaint is, at best, inartfully pled, and is thus difficult to comprehend.

Dill's claims stem from the alleged denials of "due process, access to the courts, and fundamental fairness."  Doc. 3 at 4.  He contends that Defendants subjected him to unfair eviction proceedings in County Court at Law No. 4.  Doc. 3 at 4; *See Airoldi & Associates, v. Dill*, No. CC-24-03106-D (Dallas Cnty. Ct. at Law No. 4, Tex., June 6, 2024).  Dill unsuccessfully appealed to the Fifth District Court of Appeals and petitioned for review to the Texas Supreme Court.  *Dill v. Airoldi & Associates*, No. 05-24-0078-CV (Tex. App—Dallas, July 11, 2025); *Dill v. Airoldi & Associates, Inc.*, No. 25-0619 (Tex. Sep. 26, 2025).

In the instant suit, Dill contends that Defendants' actions in Cause No. CC-24-03106-D resulted in his "wrongful eviction, loss of use of his vehicle, tort of conversion, severe mental distress, and constitutional injury."  Doc. 3 at 5.  Dill also alleges a broad-based conspiracy to sustain the judgment in the state case and seeks declaratory and injunctive relief and compensatory and punitive damages.  Doc. 3 at 5-6.

Dill also alleges constitutional violations by County Court at Law No. 2 in a different case and asserts a vicarious liability claim alleging harassment, retaliation, and discrimination by the property manager.  Doc. 3 at 8 (citing *Dill v. Airoldi & Associates, Inc.*, cause number CC-24-1245-B (Dallas Cnty. Ct. at Law No. 2, Tex.)).  As to the additional case, Dill alleges that County Court at Law No. 2 failed to provide adequate notice of court proceedings and equal access to the courts, in violation of the Fourteenth Amendment.  Doc. 3 at 8.  He contends that he did not receive written notice resetting the October 2025 trial and that the court wrongly

dismissed his case. [2]   Doc. 3 at 8.  Dill seeks "federal oversight, investigation, and corrective action."  Doc. 3 at 9.

## II. ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction.  *See The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  FED. R. CIV. P. 12(h)(3)

### A.  *Rooker-Feldman* Doctrine Divests this Court of Jurisdiction Over Forcible Detainer Action in Cause No. CC-24-03106-D

No matter Dill's dissatisfaction with the outcome of the eviction action, he may not seek recourse in federal court.  The *Rooker-Feldman* doctrine divests this Court of subject matter jurisdiction to review state court orders.  *See Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000).  It "holds that inferior federal courts do not have the power to modify or reverse state court judgments."  *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004) (internal quotation marks and citation omitted).[3]

A federal complaint, even if framed as containing original claims for relief, attacks a state-court judgment for purposes of the *Rooker-Feldman* doctrine "when the [federal] claims are inextricably intertwined with a challenged state court judgment, or where the losing party in a state court action seeks what in substance would be appellate review of the state judgment."  *Weaver v. Tex. Cap. Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (per curiam) (alteration in

---

[2] The Court takes judicial notice of the state court docket sheets which reveal that, contrary to Dill's assertion, the action is still pending and is set for trial on July 28, 2026.  *See* https://www.dallascounty.org/services/record-search/ (last accessed May 1, 2026).

[3] The doctrine and its title arises from decisions in two cases—*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

original) (internal citations and quotation marks omitted).  Simply stated, a plaintiff cannot circumvent the *Rooker-Feldman* doctrine merely by recasting a complaint in the form of a federal civil rights action.  *Moore v. Whitman*, 742 F. App'x 829, 832 (5th Cir. 2018) (per curiam) (citations omitted).  Moreover, errors in state cases should be reviewed and settled through the state appellate process.  *Rooker,* 263 U.S. at 415; *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) ("'[F]ederal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'" (quoted case omitted)).

Dill clearly seeks to collaterally attack the validity of the state judgment in the eviction action and ensuing appeal.  However, the only proper vehicle for challenging that action is in the state courts.  *See, e.g.*, *Sherman v. Johnson*, No. 22-30693, 2023 WL 4704141, at *1 (5th Cir. July 24, 2023) (holding *Rooker-Feldman* doctrine barred review of state court eviction proceedings).  Because Dill's claims clearly fall within the ambit of the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to consider them.

### B.  *Younger* Abstention is Warranted for Claims Related to No. CC-24-01245-B

Dill seeks injunctive and declaratory relief that "would interfere with an ongoing state court proceeding" in Cause No. CC-24-01245-B.  *Bice v. La. Pub. Defender Bd.,* 677 F.3d 712, 717 (5th Cir. 2012).  The Court must therefore consider *sua sponte* whether the *Younger* abstention applies here.

The *Younger* abstention doctrine "prevents federal courts from exercising jurisdiction when the relief requested 'would indirectly accomplish the kind of interference that *Younger v. Harris* and related cases sought to prevent.'" *Bice*, 677 F.3d at 717 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 500 (1974) and citing *Younger v. Harris*, 401 U.S. 37 (1971)).  *Younger* abstention

has been extended to apply to civil and administrative proceedings that are judicial in nature. *Rickhoff v. Willing*, 457 F. App'x 355, 358 (5th Cir. 2012) (collecting cases).

The doctrine holds that federal courts should abstain from enjoining or granting declaratory relief against state litigation if (1) such relief "would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in . . . the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice*, 677 F.3d at 716; *see also Wightman v. Texas Supreme Court,* 84 F.3d 188, 189 (5th Cir.1996). "Interference is established whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly." *Bice*, 677 F.3d at 717 (cleaned up).

Each of these requisites are met here. *See Allen v. La. State. Bd. of Dentistry*, 835 F.2d 100, 103 (5th Cir. 1988). First, there is an ongoing state judicial proceeding that is pending. The state court docket sheet, of which the Court takes judicial notice, confirms the case is pending and a trial is scheduled for July 28, 2026. And Dill undisputedly asks the Court to interfere with that proceeding by issuing declaratory and injunctive relief—namely oversee proceedings and rectify purported mistakes. Second, the state proceeding implicates the state's substantial interest in litigation. Third, the pending state court action, and the right to appeal adverse judgments to the applicable state appellate court, afford Dill an adequate opportunity to litigate his claims.

Because *Younger* abstention applies, the Court should not hinder the state court's pending civil action. *See Price v. Porter*, 351 F. App'x 925, 926–27 (5th Cir. 2009) (affirming dismissal on alternative grounds of *Rooker-Feldman* and *Younger*); *Glatzer v. Chase Manhattan Bank*, 108 F. App'x 204, 205 (5th Cir. 2004) (same).

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pleaded his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).  As outlined above, this Court lacks jurisdiction over Dill's challenges to the state court's judgments and, thus, his claims—to the extent any are legally viable—are fatally flawed.  Under these circumstances, the Court can only conclude that he has already pleaded his best case and that granting leave to amend would be futile and cause needless delay.[4]

### IV. CONCLUSION

For the foregoing reasons, Dill's action should be **DISMISSED WITHOUT PREJUDICE,** *sua sponte,* for lack of jurisdiction.  *See* FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on May 18, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[4] Notwithstanding these findings, the 14-day objection period will permit Dill to assert facts or claims, if any, that support the Court's exercise of subject matter jurisdiction.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).